**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Alicia Kay Estabrook, | ) | |
| | ) | **ORDER DENYING MOTION** |
| Petitioner, | ) | **TO VACATE, SET ASIDE, OR** |
| | ) | **CORRECT SENTENCE UNDER** |
| vs. | ) | **28 U.S.C. § 2255** |
| | ) | |
| United States of America, | ) | Case No. 4:12-cv-050 |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-cr-109 |
| | ) | |
| Alicia Kay Estabrook, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Alicia Estabrook's "Motion to Vacate, Set Aside Or Correct Sentence Pursuant to Title 28 U.S.C. § 2255," filed on May 7, 2012. See Docket No. 52. For the reasons set forth below, the Court denies the motion.

**I.    BACKGROUND**

On December 9, 2010, Estabrook was indicted on a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). See Docket No. 2. A superseding indictment was issued on January 12, 2011, adding a charge of possession of ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). See Docket

1

No. 23. Prior felonies alleged to have been committed by Estabrook were listed in both the indictment and superseding indictment. See Docket Nos. 1 and 23. Estabrook pled guilty to felon in possession of a firearm. See Docket Nos. 29 and 35. In the plea agreement, Estabrook admitted she had three or more prior convictions for "violent felonies or serious drug offenses" for the purposes of the sentencing enhancement set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e). See Docket No. 29, p. 2. A 15-year mandatory minimum sentence applied based on the armed career criminal enhancement. 18 U.S.C. § 924(e). On September 26, 2011, the Court sentenced Estabrook to 15-years in prison and 36-months of supervised release. See Docket No. 49.

On May 7, 2012, Estabrook filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. See Docket No. 52. She sets forth the following bases for relief:

> Ground 1: Counsel failed to argue that petitioner's sentence exceeds the maximum term of imprisonment for a possession of a firearm by a convicted felon
>
> Ground 2: Counsel failed to articulate a favorable plea in light of **Missouri v. Frye**
>
> Ground 3: Counsel failed to articulate to the court that petitioner sentence is based on §851 enhancement and armed career enhancement
>
> Ground 4: Counsel failed to argue sentence is violation of **Cunningham v. California**

See Docket No. 52, p. 1 (emphasis and errors in original). The Government filed a response in opposition to Estabrook's motion on June 27, 2012. See Docket No. 54. Estabrook filed a reply on August 20, 2012. See Docket No. 58.

## II. STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if [her] 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

Estabrook contends that her defense counsel provided ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 770 n.13 (1970). To demonstrate ineffective assistance, a convicted defendant must show (1) defense counsel's performance was deficient and (2) the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Estabrook pled guilty to the felon in possession offense, and the two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).

## III. LEGAL DISCUSSION

### A. COUNSEL FAILED TO ARGUE SENTENCE EXCEEDED MAXIMUM

Estabrook first claims her defense counsel was ineffective because he failed to argue her 15-year sentence exceeded the maximum permitted by law. Estabrook pled guilty to violating 18 U.S.C. § 922(g) as a felon in possession of a firearm. In the plea agreement, Estabrook voluntarily acknowledged she had three or more prior convictions for violent felonies or serious drug offenses.

3

See Docket No. 29, p. 2. When a person is convicted as a felon in possession, a 15-year mandatory minimum sentence applies where the defendant "has three previous conviction by any court referred to in [18 U.S.C.] § 922(g)(1) of this title for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e). As Estabrook admitted she was convicted of three or more violent felonies or serious drug offenses, a 15-year mandatory minimum sentence applied under the circumstances. Therefore, Estabrook cannot demonstrate she was prejudiced by defense counsel's alleged failure to argue her sentence exceeded the maximum permitted by law.

### B. DEFENSE COUNSEL FAILED TO ARTICULATE A FAVORABLE PLEA

Estabrook claims that her defense counsel was ineffective during the plea negotiations by failing to negotiate a more favorable agreement. She contends the armed career criminal enhancement set forth in 18 U.S.C. § 924(e) did not apply and that counsel provided ineffective assistance by failing to negotiate an agreement reflecting this.

When, as here, a "defendant complains that ineffective assistance led [her] to accept a plea offer as opposed to proceeding to trial, the defendant *will have to show* 'a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial.'" Missouri v. Frye, 132 S.Ct. 1399, 1409 (2012) (quoting Hill, 474 U.S. at 59) (emphasis added). Where a defendant has pled guilty, courts have rejected claims that defense counsel was ineffective for failing to secure a more favorable plea agreement. See Bethel v. United States, 458 F.3d 711, 720 (7th Cir. 2006) (holding that defendant failed to sufficiently allege prejudice where he claimed, but for his counsel's error, defendant would have negotiated a different plea agreement); Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986) (holding prejudice claim was insufficient

4

where a defendant alleged that counsel failed to negotiate a better plea agreement, without more). The Court finds that Estabrook's claim that defense counsel was ineffective for failure to negotiate a more favorable plea agreement fails to properly allege prejudice and is deficient as a matter of law. See Hill, 474 U.S. at 60 (finding the defendant's claim was insufficient for failing to allege that, but for counsel's errors, he would have rejected the plea agreement and insisted on going to trial).

Notwithstanding Estabrook's failure to present a cognizable claim, her underlying assertion is without merit. She contends the armed career criminal enhancement does not apply because her prior convictions for delivery of cocaine and methamphetamine do not qualify as "serious drug offenses" within the meaning of 18 U.S.C. § 924(e), as her offenses involved less than 5 grams of a controlled substance. A "serious drug offense" under 18 U.S.C. § 924(e) includes:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii). The record reveals that Estabrook was convicted of delivery of cocaine and delivery of methamphetamine in North Dakota cases 08-05-K-0910 and 0909. See Docket Nos. 54-1 and 54-2. North Dakota law provides that delivery of "[a] controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine, is guilty of a class A felony[.]" N.D.C.C. § 19-03.1-23(1)(a). "Cocaine is a schedule II narcotic." State v. Jones, 1999 ND 61, ¶ 5, 591 N.W.2d 135. A class A felony in North Dakota carries a maximum prison sentence of 20-years. N.D.C.C. § 12.1-32-01(2). Both Estabrook's convictions for delivery of cocaine and delivery of methamphetamine were serious drug offenses as defined by 18 U.S.C. § 924(e), as the convictions were subject to a maximum prison term greater than ten years. 18

5

U.S.C. § 924(e)(2)(A)(ii). Therefore, defense counsel does not provide ineffective assistance for failing to raise a meritless issue. Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010).

Even without the prior conviction for delivering of cocaine and methamphetamine, Estabrook would still qualify as an armed career criminal under 18 U.S.C. § 924(e). Estabrook had prior convictions in the state of Washington for first degree robbery, second degree burglary, and second degree assault. See Docket No. 23, pp. 1-2 (superceding indictment listing these offenses). Each of these convictions is considered to be a violent felony for purposes of 18 U.S.C. § 924(e) which provides, in relevant part, as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Estabrook's conviction for first degree robbery occurred in 1989. See Docket No. 54-5; Wash. Rev. Code §§ 9A.56.190 and 9A.56.200 (1975).[1] At that time, "robbery" was defined as:

---

[1] In 1989, Washington's first degree burglary statute provided as follows:

(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

    (a) Is armed with a deadly weapon; or

    (b) Displays what appears to be a firearm or other deadly weapon; or

    (c) Inflicts bodily injury.

(continued . . .)

> A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Wash. Rev. Code § 9A.56.190 (1975); see 1975 Wash. Sess. Laws 852, available at http://www.leg.wa.gov/CodeReviser/documents/sessionlaw/1975pam1.pdf (last visited October 12, 2012). As outlined above, a violent felony for the purposes of 18 U.S.C. § 924(e)(2)(B)(i) includes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Because the Washington robbery statute requires "the use or threatened use of immediate force violence, or fear of injury," Estabrook's conviction for first degree robbery is a violent felony pursuant to the armed career criminal enhancement. See United States v. Strong, 415 F.3d 902, 907 (8th Cir. 2005) (finding conviction under Washington first degree robbery statute is a violent felony).

Estabrook's conviction for second degree assault occurred in 1994. See Docket No. 54-3; Wash. Rev. Code § 9A.36.021(1)(c) (1988).[2] The judgment shows that Estabrook committed

---

> (2) Robbery in the first degree is a class A felony.

Wash. Rev. Code § 9A.56.200 (1975); see 1975 Wash. Sess. Laws 852, available at http://www.leg.wa.gov/CodeReviser/documents/sessionlaw/1975pam1.pdf (last visited October 11, 2012). In 1989, a class A felony in Washington carried the maximum penalty of life in prison. Wash. Rev. Code § 9A.20.021(1)(a) (1982); see 1982 Wash. Sess. Laws 976, available at http://www.leg.wa.gov/CodeReviser/documents/sessionlaw/1982pam1.pdf (last visited October 11, 2012).

[2] In 1994, Washington State's second degree assault statute provided as follows:
(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

(continued . . .)

the offense with a deadly weapon.  See Docket No. 54-3, p. 6.  The Ninth Circuit Court of Appeals has held that second degree assault pursuant to Washington law which is committed with a deadly weapon is a violent felony under 18 U.S.C. § 924(e)(B)(i).  United States v. Jennen, 596 F.3d 594, 600 (9th Cir. 2009).  Accordingly, Estabrook's conviction for second degree assault is a violent felony for the purposes of 18 U.S.C. § 924(e).

Estabrook's conviction for second degree burglary occurred in 1992.  See Docket No. 54-4; Wash. Rev. Code § 9A.52.030 (1990).[3]  As outlined above, burglary is listed as a violent

---

> (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or
>
> (b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or
>
> (c) Assaults another with a deadly weapon; or
>
> (d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any other destructive or noxious substance; or
>
> (e) With intent to commit a felony, assaults another; or
>
> (f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture.
>
> (2) Assault in the second degree is a class B felony.

Wash. Rev. Code § 9A.36.021 (1988); see 1988 Wash. Legis. Serv. 266 § 2 (West).  In 1994, a class B felony was punishable by up to ten years in prison in Washington.  Wash. Rev. Code § 9A.20.021(1)(b) (1982); see 1982 Wash. Sess. Laws 976, available at http://www.leg.wa.gov/CodeReviser/documents/sessionlaw/1982pam1.pdf (last visited October 11, 2012).

[3] In 1994, Washington's second degree burglary statute provided as follows:

> (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.
>
> (2) Burglary in the second degree is a class B felony.

Wash. Rev. Code § 9A.52.030 (1990); see 1989 Wash. Legis. Serv. 412 § 2 (West).

8

felony in 18 U.S.C. § 924(e)(2)(B)(ii).  As such, even if the Court found that Estabrook's North Dakota convictions for delivery of cocaine and delivery for methamphetamine were not serious drug crimes under 18 U.S.C. § 924(e), she would still be subject to the armed career criminal sentencing enhancement based on three violent felony convictions in Washington state.

### C. DEFENSE COUNSEL FAILED TO ARTICULATE ENHANCEMENTS

Next, Estabrook contends the Government did not provide adequate notice that it planned to pursue the sentencing enhancements under 21 U.S.C. § 851 and 18 U.S.C. § 924(e), and that her counsel was ineffective for failing to argue the Government provided inadequate notice. This claim is frivolous.  As outlined above, the Court sentenced Estabrook to a 15-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e).  The Eighth Circuit Court of Appeals has held that the Government is not required to provide notice as to a 18 U.S.C. § 924(e) enhancement.  United States v. Oaks, 606 F.3d 530, 544 (8th Cir. 2010).  Nevertheless, the record reveals Estabrook received notice prior to entering a guilty plea.  The superseding indictment alleged Estabrook violated Section 924(e), and Estabrook agreed her prior convictions qualified for the 18 U.S.C. § 924(e) enhancement in the plea agreement.  See Docket Nos. 23 and 29, p. 2.  The plea agreement provided, in relevant part, as follows:

> 6. Defendant will plead guilty because Defendant is in fact guilty of the charge.  In pleading guilty, Defendant acknowledges that:
> 
> \*\*\*
> 
> (b) Defendant has three or more previous convictions of a combination of violent felonies and serious drug offenses

9

committed on occasions different from one another for the

purposes of 18 USC § 924(e).

\*\*\*

7.    Defendant understands the count to which she will plead guilty carries the

following maximum penalties:

    Imprisonment:    Life (15 year minimum)
    Fine:    $250,000
    Supervised Release:    3 Years
    Special Assessment:    $100

See Docket No. 29, pp. 2-3. Thus, it is clear Estabrook had notice of the sentencing enhancement.

In addition, the notice requirement set forth in 21 U.S.C. § 851(a) does not apply. "[T]he notice requirements of § 851(a)(1) apply only to controlled substance related offenses and penalties enumerated in Part D of Title 21 of the United States Code and, thus, do not provide a cognizable basis for relief" where, as here, the relevant offense is felon in possession of a firearm under Title 18 of the United States Code. United States v. Currie, 453 Fed.Appx. 337, 338 (4th Cir. 2011); see also United States v. Mack, 42 F. Supp. 2d. 523, 525 (E.D. Penn. 1999) ("21 U.S.C. § 851(a) requires the filing of an information only in drug cases involving statutes in Title 21 and does not apply to penalties assessed under 18 U.S.C. § 924."). The Court finds the claims concerning inadequate notice of the sentencing enhancements are without merit.

    **D.**    **DEFENSE COUNSEL FAILED TO ARGUE THE SENTENCE VIOLATED CUNNINGHAM**

Estabrook's final claim is that defense counsel was ineffective for failing to argue that her sentence is contrary to Cunningham v. California, 549 U.S. 270 (2007). In Cunningham, the

defendant was sentenced to an elevated "upper term" pursuant to California's sentencing law which permitted the trial judge to find facts proven by a preponderance of the evidence, not beyond a reasonable doubt. The United States Supreme Court held that California's sentencing law violated the right to a jury trial safeguarded by the Sixth and Fourteenth Amendments.

Estabrook does not explain how her sentence violates Cunningham, but it appears she contends that the sentencing enhancement pursuant to 18 U.S.C. § 924(e) violated her right to a jury trial. This argument fails for several reasons. "[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than *a prior conviction*, not found by a jury *or admitted by the defendant*." Cunningham, 549 U.S. at 274-75 (emphasis added; original citation omitted). First, the applicable enhancement is based on prior convictions. Second, Estabrook pled guilty and voluntarily admitted and acknowledged that the armed career criminal enhancement applied to her. See Docket No. 29, p. 2. Accordingly, the sentencing enhancement pursuant to 18 U.S.C. § 924(e) did not violate Estabrook's right to a jury trial.

### E. EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

In Estabrook's motion, she requests an evidentiary hearing and the appointment of counsel. Neither a hearing nor appointment of counsel is appropriate because the record, files, and motion conclusively demonstrate that Estabrook is not entitled to the relief sought in her Section 2255 motion. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

**IV.     CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and relevant case law.  For the reasons set forth above, the Court **DENIES** Estabrook's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Docket No. 52).

**IT IS SO ORDERED.**

Dated this 17th day of October, 2012.

>  */s/ Daniel L. Hovland*
>    Daniel L. Hovland, District Judge
>    United States District Court