IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs. ) | |
| ) | |
| Alicia Kay Estabrook, ) | Case No. 4:10-cr-109 |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's motion to reduce sentence pursuant to the First Step Act of 2018, filed on April 3, 2020.  See Doc. No. 84.  The Defendant also filed two supplements to her motion.  See Doc. Nos. 85 and 86.  The Government filed a response in opposition to the motion on April 17, 2020.  See Doc. No. 370.  The Defendant did not file a reply and the time for doing so has expired.  For the reasons set forth below, the motion is denied.

I.      BACKGROUND

In December 2010, Estabrook was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  A superseding indictment was issued in January 2011, adding a charge of possession of ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  The indictment listed nine prior felonies from 1989 to 2005. On March 17, 2011, Estabrook pled guilty to count one of the superseding indictment which charged her with being a felon in possession of a firearm.  On September 26, 2011, the Court found she was an armed career criminal and sentenced her to a 180-month term of imprisonment.

1

On May 7, 2012, Estabrook filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 which the Court denied on October 17, 2012. On June 27, 2016, Estabrook filed a second 2255 motion which the Court denied on July 8, 2016.

On April 3, 2020, Estabrook filed the instant motion for a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing "extraordinary and compelling" reasons and *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In a supplement to her motion Estabrook cites the COVID-19 pandemic as an additional reason for release. The Government responds asserting that Estabrook has not provided an appropriate basis for compassionate release and has failed to exhaust her administrative rights with regard to her COVID-19 pandemic argument.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." It is undisputed that Estabrook has exhausted her administrative remedies with regard to her initial motion but has failed to exhaust her administrative remedies with regard to her COVID-19 pandemic argument. The Court finds Estabrook has failed to exhaust her administrative remedies relative to her COVID-19 argument and thus will not consider the argument.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence

reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP.  Such motions were rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons."  The Sentencing Commission policy statement can be found at Section 1B1.13 of the 2018 Sentencing Guidelines Manual.  However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability.  See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and

compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In addition, the Sentencing Commission will not be publishing a 2019 or 2020 Sentencing Guidelines Manual for lack of a quorum. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 n.7. The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is–

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances**.--

        (i)        The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)       The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.    **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.    **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.    **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

       This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.    **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Estabrook contends that she only accepted the plea agreement in 2011 under duress, would no longer be considered a "career offender" under current law, is not a danger to the community, received an unduly punitive sentence, her offense was low level, and her efforts at rehabilitation make her deserving of a sentence reduction.

Estabrook has a long criminal history which garnered her 21 criminal history points and placed her in criminal history category VI. She was found to be a career offender based upon her prior convictions. The record contains no evidence of duress. The Court does not consider her offense of conviction – felon in possession of a firearm -- to be a low level offense. The offense carried a 15-year mandatory minimum sentence which Estabrook was well aware of when she pled guilty. And the law is clear – rehabilitation alone is not a basis for a reduction in sentence. See 28 U.S.C. § 994(t). Estabrook has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.

In her motion, Estabrook also makes reference to relief under *Rehaif*, contending she did not knowingly possess a firearm. In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g), the government must prove both that the defendant knew she possessed the firearm and that she knew she belonged to the relevant category of restricted persons. Estabrook does not contend she did not know she was a convicted felon prohibited from possessing a firearm. Given her numerous felony convictions, any such argument would quicky be rejected. A review of the facts contained in the Presentence Investigation Report and in the plea agreement, and admitted at the change of plea hearing, contradict any contention she did not knowingly possess a firearm. In the plea agreement, Estabrook acknowledged the following:

6. In pleading guilty, Defendant acknowledged that:

(a) Defendant has been convicted in a court of crimes punishable by imprisonment for a term exceeding one year as set forth in the Indictment. These felony convictions prohibit Defendant from lawfully possessing a firearm during the time frame alleged in the Indictment.

(b) Defendant has three or more previous convictions of a combination of violent felonies and serious drug offenses committed on occasions different from one another for purposes of 18 USC § 924(e).

(c) In or about August or September 2010, Defendant possessed one High Standard (JC Higgins), Model 88, .22 caliber revolver in the Belcourt, North Dakota, area.

(d) The firearm was manufactured outside of the State of North Dakota and was transported into the State of North Dakota, thus traveling in interstate commerce.

(e) Defendant acknowledges that her conduct satisfies all the elements of Title 18, U.S.C. Sections 922(g)(1), 924(a)(2) and 924(e) as alleged in the Superseding Indictment, and that this Court has jurisdiction over this matter.

See Doc. 29, ¶ 6.

The Court has carefully reviewed the entire record and concludes Estabrook has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction at this time. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III. CONCLUSION

Accordingly and for the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 84) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2020.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court